UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:                                                                    Chapter 11

                                                                          Case No. 1:16-12910-scc
Hello Newman Inc.,
                                                                          Hon. Shelley C. Chapman

                              Debtor.

-----------------------------------------------------------x

## LCP JERRY LLC'S APPLICATION FOR AN ORDER
## DESIGNATING THE DEBTOR TO BE SINGLE ASSET REAL ESTATE

LCP Jerry LLC (the "Secured Creditor"), a secured creditor of Hello Newman Inc. (the

"Debtor") respectfully submits this application (the "Application") for the entry of an Order

pursuant to 11 U.S.C. §§ 101(51B) and 105(a), declaring the Debtor to be single asset real estate

("SARE"), and granting such other and further relief as this Court deems just and proper.  In

support of this Application, the Secured Creditor respectfully states as follows:

### PRELIMINARY STATEMENT

1.      The Debtor must be designated SARE for the simple facts that the Debtor's Petition

and Schedules confirm that the Debtor's only asset is a multi-unit apartment building from which

the Debtor generates all of its income in the form of rent collection.  Thus, the Property must be

considered a single property or project.

2.      In addition, the Debtor's monthly operating reports further confirm that the Debtor

does not conduct any business at the property, other than the operation of the real property and

activities incidental thereto.

3.      Next, the Debtor's petition and schedules fail to supply evidence of an alternative

source of gross income, besides income from collecting rents from tenants residing at the Property.

It is undisputed that the Debtor is not a family farmer.

As a result, a review of all of the evidence set forth by the Debtor confirms that the Debtor

must be designated SARE.

## JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 101(51B)

and 105(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules

4001 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## BACKGROUND FACTS

**The Secured Creditor's Claim to the Property**

6.      The Secured Creditor's interest in the real property of the Debtor, commonly known

as 113 East 2nd Street, New York, New York 10009 (Block: 429, Lot: 19) (the "Property") is evidenced

by that certain note and mortgage encumbering the Property as discussed in greater detail below.

7.      Upon information and belief, the Property consists of a four (4) story apartment

building that consists of 2 apartment units.

**The Loan**

8.      On or about August 4, 2005, the Debtor duly made, executed and delivered a

*Mortgage Note* (the "Note") evidencing a loan (the "Loan") in favor of HSBC Bank USA, National

Association ("HSBC") in the original principal sum of $1,878,346.91.  A copy of the Note is

annexed as **Exhibit "A"** hereto.

9.      To secure repayment of the indebtedness evidenced by the Note, on or about August

4, 2005, the Debtor made, executed and delivered that certain *Mortgage, Consolidation,*

*Modification and Extension Agreement* (the "Mortgage", and together with the Note, the "Loan

Documents") encumbering the Property in favor of HSBC.  The Mortgage was duly recorded in

the Office of City Register of the City of New York, New York County (the "Clerk's Office") on

November 16, 2005 under CRFN 2005000635855.  A copy of the recorded Mortgage is annexed

as **Exhibit "B"** hereto.

10.    On or about December 31, 2014, the Loan, Note and Mortgage were assigned by

HSBC to the Secured Creditor pursuant to an *Assignment of Mortgage* (the "LCP Assignment").

The LCP Assignment was recorded with the Register's Office on January 23, 2015 as CRFN:

2015000027931.  A copy of the LCP Assignment is annexed hereto as **Exhibit "C".**  Accordingly,

the Secured Creditor is the holder in due course of the Loan Documents.

**The Foreclosure Action**

11.    The Debtor defaulted under the terms of the Loan, by failing to remit the payment

due under the terms of the Loan on August 1, 2014 and all payments due thereafter (the "Default").

12.    As a result of the Default and the Debtor's failure to cure same, on or about March

6, 2015, the Secured Creditor accelerated the balance due and owing under the Loan, and

commenced a foreclosure action against the Debtor before the Supreme Court of the State of New

York, County of New York (the "State Court"), under Index No. 850105/2015, in the matter styled

*LCP Jerry LLC v. Hello Newman Inc. et al.* (the "Foreclosure Action").

13.    On or about August 28, 2016, the State Court entered an Order granting Judgment

of Foreclosure and Sale (the "JFS") in favor of the Secured Creditor, entitling the Secured Creditor

to foreclose on the Property.  A copy of the JFS is annexed hereto as **Exhibit "D".**  In connection

therewith a foreclosure sale was scheduled for October 19, 2016.

**The Debtor's Chapter 11 Filing**

14.    On October 17, 2016 (the "Petition Date"), the Debtor filed its petition for relief

under Chapter 11 of Title 11 of the Bankruptcy Code (the "Petition"). A copy of the Petition filed

on October 17, 2016 is annexed hereto as **Exhibit "E"**.

15.     Then, on December 8, 2016, the Debtor filed an amended Petition (the "Amended

Petition"). A copy of the Debtor's Amended Petition is annexed hereto as **Exhibit "F"**.

16.     Notably, the Debtor's Petition, Amended Petition and Schedules confirm that the

Debtor owns no other real or personal property other than the Property.

17.     In addition, although this case has been pending since October, the Debtor has only

filed a single monthly operating report (the "MOR"), for the months of October 2016 and

November 2016. A copy of the MOR is annexed hereto as **Exhibit "F"**.

18.     As further confirmed by the Debtor's Statement of Operations as contained in the

MOR at page 6 of 12, the Debtor's only income is solely derived from rents collected at the

Property.

19.     Curiously, however, the Debtor's Petition and Amended Petition fail to designate

the Debtor to be SARE as that term is defined pursuant to 11 U.S.C. § 101(51B). **See Exhibit "E"**

and **Exhibit "F"**.

### DISCUSSION

I.     **The Debtor Must Be Designated
Single Asset Real Estate Pursuant To 11 U.S.C. § 101(51B)**

20.     If a debtor's estate constitutes SARE,[1] the Bankruptcy Code contains certain

restrictions designed to limit the length of the case and the economic imposition that may be placed

---

[1] 11 U.S.C. § 101(51B) defines "single asset real estate" to mean:

> [R]eal property constituting a single property or project, other than residential real property with
> fewer than 4 residential units, which generates substantially all of the gross income of a debtor who
> is not a family farmer and on which no substantial business is being conducted by a debtor other
> than the business of operating the real property and activities incidental.

See 11 U.S.C. § 101(51B).

on creditors whose claims are secured by the debtor's real property. This section was added to the

Bankruptcy Code to prevent abuse of the automatic stay, while also giving the debtor an

opportunity to create a workable plan of reorganization.

21.    To fall within the SARE definition in most cases, a chapter 11 debtor must satisfy

three conditions.

22.    First, a debtor must possess a single property or project. Even multiple properties

may constitute a "single project" when a group of properties have a related connection or purpose

in a common plan or scheme involving their use. *In re The McGreals*, 201 B.R. 736, 742 (Bankr.

E.D. Pa. 1996); see also *In re Philmont Dev. Co.*, 181 B.R. 220, 224 (Bankr. E.D. Pa. 1995)

(interpreting the term "single project" as broad enough to encompass a string of semi-detached

houses).

23.    Second, the single property must generate all or substantially all of the gross income

of a debtor. The standard for making this determination is whether the debtor's activities are able

to generate revenue separate and apart from the sale or lease of the underlying real estate. *Kara*

*Homes, Inc. v. Nat'l City Bank (In re Kara Homes, Inc.)*, 363 B.R. 399, 406 (Bankr. D.N.J. 2007)

(holding that debtors that were conducting such activities as acquiring land, constructing, and

selling homes were SARE debtors).

24.    Third, in order to meet the definition of a SARE, the debtor must not conduct

business at the property, other than the operation of the real property and activities incidental

thereto, and the debtor must not be considered a family farmer. For instance, purchasing and

developing land, planning and constructing homes, and marketing and selling homes are activities

incidental to operation of the real estate. *In re Kara Homes, Inc.*, 363 B.R. 399, 406 (Bankr. D.N.J.

2007).

25.      In the case at bar, a brief analysis of the facts demonstrate that although the Debtor

filed its Petition, and/or Amended Petition, alleging *inter alia* that it is *not* SARE by checking the

box marked "*None of the Above*" on page 2 of the Petition, the Debtor is in fact SARE.

26.      First, the Petition, and/or Amended Petition, filed by the Debtor fails to suggest that

the Debtor owns or owned any other real property, besides the Property.   Thus, the Property must

be considered a single property or project.

27.      Next, the Debtor failed to supply evidence of an alternative source of gross income

besides income from collecting rents from tenants residing at the Property.

28.      This information is confirmed by the Debtor's Statement of Operations as contained

in the MOR at page 6 of 12, wherein the Debtor indicates that its only income is solely derived

from rents collected at the Property.

29.      Therefore, this Court must take notice that all of the Debtor's gross income is

derived from rental income collected from tenants who reside at the Property.

30.      Finally, the MOR further confirms that the Debtor does not conducts any business

at the Property, other than the operation of the Property and activities incidental thereto.

31.      It is undisputed that the Debtor is not a family farmer.

32.      As a result, the evidence set forth by the Debtor confirms that the Debtor is SARE.

## THE APPLICATION

33.      The Secured Creditor hereby request that this honorable Court enter an Order

pursuant to 11 U.S.C. §§ 101(51B) and 105(a), declaring the Debtor to be single asset real estate,

and granting such other and further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

34.      The Secured Creditor expressly reserves its right to amend or supplement this

Application, to introduce supporting evidence at the hearing on this Application, and to file additional and supplemental objections as the Secured Creditors deem advisable.

## NOTICE

35.     Notice of this Motion has been provided to the Office of the United States Trustee, to the Debtor, to the Debtor's 20 largest creditors and those parties entitled to notice in this chapter 11 case.  In light of the nature of the relief requested, the Secured Creditor submits that no other or further notices need be provided.

**WHEREFORE**, the Secured Creditor respectfully request this Court enter an Order pursuant to 11 U.S.C. §§ 101(51B) and 105(a), declaring the Debtor to be single asset real estate, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 20, 2017

KRISS & FEUERSTEIN LLP

By:     *s/ Jason S. Leibowitz*
        Jerold C. Feuerstein, Esq.
        Jason S. Leibowitz, Esq.
        360 Lexington Avenue, Suite 1200
        New York, New York 10017
        (212) 661-2900
        (212) 661-9397 - facsimile

        *Attorneys for LCP Jerry LLC*