UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

Hello Newman Inc.,                                      Case No. 1:16-12910-scc

                                                                     Hon. Shelley C. Chapman

                    Debtor.
------------------------------------------------------------x

**LCP JERRY LLC'S RESPONSE IN FURTHER SUPPORT OF ITS APPLICATION
FOR THE ENTRY OF AN ORDER DESIGNATING THE DEBTOR
TO BE SINGLE ASSET REAL ESTATE[1]**

      LCP Jerry LLC (the "Secured Creditor"), a secured creditor of Hello Newman Inc. (the "Debtor") respectfully submits this response (the "Response") in further support of its *Application for the Entry of an Order Designating the Debtor to be Single Asset Real Estate* dated January 20, 2017 [ECF No. 20] (the "Application") pursuant to 11 U.S.C. §§ 101(51B) and 105(a), and in opposition to the Debtor's *Opposition to Motion Designating the Debtor as a Single Asset Real Estate Debtor* dated February 15, 2017 [ECF No. 24] (the "Opposition").  In support of this Response, the Secured Creditor respectfully states as follows:

**PRELIMINARY STATEMENT**

      1.     As and for the Debtor's entire Opposition to the Secured Creditor's Application for the entry of an Order designating the Debtor to be SARE, the Debtor's counsel (without any supporting statement from the Debtor) attacks the Secured Creditor's characterization of the Property as that of a multi-unit apartment building, and instead attempts to confuse this Court by suggesting that the Property should not be designated SARE because of the fact that the Certificate of Occupancy (the "CO") for the Property, maintained by the Department of Buildings of the City of New York (the "DOB"), dictates that the Property was set up to be a *two-family residence*.  See

---

[1] Capitalized terms used herein, but not otherwise defined shall have the same meanings given to them as in the Application (as defined herein).

Opposition ¶¶'s 3-4 and at Exhibit "A".

2.  To the contrary, and by way of the documentation annexed hereto, the Property has been, and continues to be used for <u>commercial purposes</u>, for what appears to be not less than the last three (3) years, which (a) removes the Property from the exception under 11 U.S.C. § 101(51B) for residential property with fewer than four residential units and (b) and confirms that the Debtor should be designated SARE.

3.  In point of fact, the commercial uses of the Property include, without limitation a commercial yoga studio which is believed to have been operating out of the Property since the fall of 2015, and reports of the Debtor's principal's use of the Property as an art gallery.

4.  Notwithstanding the fact that through the Opposition (which is devoid of any case law in support of its position), the Debtor's counsel unequivocally states that the "Movant filed [its] motion without consulting the DOB" when he testifies that the Property is strictly residential property, it appears that the Debtor's counsel filed his Opposition without reviewing the Debtor's *only* filed Monthly Operating Reports (the "<u>MOR</u>") filed by Debtor's counsel (for the months of October 2016 and November 2016, which were executed by Phil Hartman and Doris Kornish on December 13, 2016), and provide that the only tenant on the Debtor's Rent Roll (at page 9 of 12) is none other than New Vibe Yoga (the "<u>Yoga Studio</u>").

5.  Thus, by way of the Debtor's own admissions, no residential (rent paying) tenants exist at the Property and the Debtor's sole income is derived from a commercial tenant. A copy of the rent roll at page 9, as was filed by the Debtor in the MOR on December 22, 2017 is annexed hereto as **Exhibit "A"**.

6.  Accordingly, and for all the reasons set forth herein below, the Debtor cannot be permitted to hide behind the CO and pretend that the Property is residential property when its

actual use exceeds residential use, and as a result, the Debtor must be designated SARE.

## THE PROPERTY IS SARE WITHIN THE MEANING OF 11 U.S.C. 101(51B)

7.  As set forth in the Application, 11 U.S.C. § 101(51B) defines "single asset real estate" to mean:

> [R]eal property constituting a single property or project, *other than residential real property with fewer than 4 residential units*, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental. (emphasis added).

See 11 U.S.C. § 101(51B).

8.  Although the Bankruptcy Code carves out an exception from SARE for residential real property with fewer than 4 residential units, the Debtor has failed to establish that the Property should be considered residential property given the facts of this case.

9.  In this case, the Debtor's Opposition attempts to cast doubt in the Court's mind as to whether the Property is in fact mixed-use property or commercial property, by suggesting that the Property must be considered residential property since the CO on file with the DOB approved a two (2) family residence at the Property.

10. Notwithstanding, the Debtor's only reported tenant the Debtor (a corporation) acknowledges collecting rent from (pursuant to a commercial lease) is the commercial Yoga Studio.

11. In addition, and as evidenced by the article written by Lisa Elaine Held of http://www.wellandgood.com/, captioned *New Vibe Yoga is like a Refuge from the Storm that is New York City* (the "Held Article"), the Yoga Studio's founder, Alex Schatzberg, started operating the Yoga Studio out of the Property during the fall of 2015. A copy of the Held Article is annexed hereto as **Exhibit "B"**.

12. As further evidence that the Yoga Studio is a commercial enterprise operating from the Property, to generate business at the Property, as demonstrated in the Held Article, the Yoga Studio has attached signage to the Property and created the website known as http://www.newvibeyoga.com/ to generate business at the Property. See Exhibit "B" for picture of signage.

13. In addition, the Debtor's Schedule G confirms that the Yoga Studio is identified as the only entity with which the Debtor has any executory contracts. Thus, the Debtor's only tenant is a commercial tenant, which provides the Debtor's only source of rental income since the Petition Date.

14. Furthermore, it is settled that mixed-use properties may not take advantage of the residential real estate exception contained in 11 U.S.C. § 101(51B). *See In re RIM Development, LLC*, 2010 WL 1643787 at *1 (Bankr.D.Kan.2010) (mixed-use of town homes and commercial lots was SARE); *See also In re Mountain Edge LLC*, No. 12-10835 T11, 2012 WL 4839784, at *3 (Bankr. D.N.M. Oct. 10, 2012).

15. Notwithstanding the type of CO applied for, the commercial use (and/or mixed use) at the Property cannot be ignored, and the Debtor's Opposition to the Application should be overruled in its entirety.

16. Thus, the Property, which is owned by the Debtor, a corporation itself, is being used for a commercial rental arrangement only, and the Secured Creditor is entitled to a designation that the Debtor is SARE.

4

**WHEREFORE**, the Secured Creditor respectfully requests this Court enter an Order pursuant to 11 U.S.C. §§ 101(51B) and 105(a), declaring the Debtor to be single asset real estate, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 21, 2017

                                   KRISS & FEUERSTEIN LLP

By:   *s/ Jason S. Leibowitz*
       Jerold C. Feuerstein, Esq.
       Jason S. Leibowitz, Esq.
       360 Lexington Avenue, Suite 1200
       New York, New York 10017
       (212) 661-2900
       (212) 661-9397 - facsimile

*Attorneys for LCP Jerry LLC*