# DORIS KORNISH

Your Honour. Thank you for giving me the opportunity to speak today. I am Doris Kornish. Although, I intend to register a claim in this action in my individual capacity, I am appearing today in my capacity as President and CEO of "Hello Newman, Inc."

1. <u>First, I am requesting that this Court grant an extension of time to the "Debtor in Possession" to prepare a plan.</u>

While preserving all rights and remedies that might lie at my or "Hello Newman's" disposal to challenge creditors claims, I am requesting that this Court today grant "Hello Newman, Inc." an extension of time within which to continue to explore viable options for re-finance in an amount sufficient to satisfy potential creditors.

Since this action was filed, I have been diligently exploring such options. As late as yesterday, I was in contact with several individuals to this effect, who may be willing to finance up to $5 million dollars. I require an additional period of time as President and CEO of Hello Newman, Inc. to explore such options. In addition, I require additional time in my individual capacity to assemble the documents and data necessary to file a claim as a creditor of Hello Newman, Inc.

**RECEIVED**
**FEB 2 2 2017**
**U.S. BANKRUPTCY COURT, SDNY**

1

<u>2.    Second, I wish to alert this Court to the significant abuse and mis-management of funds perpetrated against "Hello Newman, Inc." over a period of years (and in possible collusion with certain lenders) by my fellow shareholder Phil Hartman.</u>

As this court is fully aware, the residential property located at 113 E.2nd Street has in fact been my home and personal residence for over 15 years. Notwithstanding the fact that the property is mentioned in a decree of divorce, through multiple promises and assertions made to me subsequent to that decree, Mr. Hartman stated that I would be allowed to remain in the home.

Furthermore, a close examination of the timing, circumstances and documents surrounding the main creditors in this action will reveal that Mr. Hartman not only mis-lead "Hello Newman, Inc." (and myself) as to the nature and purpose of the loans, but ultimately directed the proceeds of those loans to his own business ventures and/or "Two Boots, Inc." and/or failed to repay lenders as agreed using proceeds of those businesses.

<u>To recap briefly:</u>

a. Original HSBC Loan $450,000 was used for the purchase of 113 E2nd Street. This loan was paid-off in 2006.

b. The 2nd HSBC Loan was for $800,000+ (prior to the decree of divorce)(was secured against all businesses and property that we owned at that time, including 113 E2nd Street and <u>all of</u> "Two Boots" restaurants).  <u>The proceeds of this loan never went to "Hello Newman, Inc."</u>, but were delivered to Phil Hartman and Jesse Hartman.  To the best of my knowledge and belief, Mr. Hartman used these proceeds to purchase a <u>commercial building</u> 34 Avenue A (sold to Mr. Hartman, myself and others for $2million)(my share was ½ of 48%).  Mr. Hartman later sold the 34 Avenue A building, but failed in his obligation to repay the loan.  I was not permitted to be at the closing and the closing occurred without my knowledge or participation.

c.   Subsequent to the divorce decree in December 2014, HSBC issued a foreclosure notice and LPC Jerry purchased the loan.

d.   At this point, Phil Hartman informed myself and my children that he was desperate for funds (for his own ventures and "Two Boots Pizza") and that he had found a new lender "Knuckleknee". I signed loan documents under duress. Since that time, Mr. Hartman failed to repay either LPC Jerry (HSBC) or Knuckleknee.  The proceeds of the "Knuckleknee" loan went substantially to fund Two Boots Pizza (also now in debt as a result of Mr. Hartman's dealings).

3

Thus, your honour, <u>it is impossible to resolve the claims registered in this Bankruptcy action without examining the business dealings of Mr. Hartman and "Two Boots Pizza"</u>.    I believe that "Two Boots, Inc." should be made party to this bankruptcy action as the assets of that corporation should be available to satisfy any judgement creditors of "Hello Newman, Inc.".

In closing, **I hereby request and move for this Court to grant the following today**:

1.    An extension of time to "Hello Newman, Inc." as "debtor in possession" to explore options for refinance;

2.    Exercise the Court's *power of equity* under the Bankruptcy Code to investigate the potential links to this case between "Two Boots, Inc." and "Hello Newman, Inc." and to take whatever procedural action is warranted;

3.    Grant me an extension of time-in my individual capacity-to preserve my claims in this action.

4.    In the alternative, to transfer this case to a U.S. Trustee in Bankruptcy to take such further action as warranted.

<u>At stake in this action is my livelihood, health and well being.   I have lived in the residential property at 113 E2nd Street for nearly 15 years.   The home is where I raised my children and where I currently also intermittently care for my elderly 86 year old mother.</u>