TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger

*Proposed Attorneys for Albert Togut,*
 *Not Individually But Solely in His Capacity*
 *as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                          :
In re:                                                    :        Chapter 11
                                                          :
HELLO NEWMAN, INC.,                                       :        Case No. 16-12910 (SCC)
                                                          :
                              Debtor.                     :
                                                          :
-------------------------------------------------------------X

### APPLICATION FOR AN ORDER (I) DESIGNATING DORIS KORNISH AS THE RESPONSIBLE OFFICER OF THE DEBTOR AND (II) COMPELLING HER TO (A) TURN OVER PROPERTY OF THE ESTATE TO THE TRUSTEE; AND (B) OTHERWISE COOPERATE WITH THE TRUSTEE

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE

Albert Togut, not individually but solely in his capacity as the Chapter 11

trustee (the "Trustee") of the estate of Hello Newman, Inc. (the "Debtor"), by his

proposed attorneys, Togut, Segal & Segal LLP, hereby makes this application (the

"Motion") for an order: (i) designating Doris Kornish as the responsible officer of the

Debtor; and (ii) directing Ms. Kornish to cooperate with the Trustee. In support of this

Motion, the Trustee respectfully states:

### PRELIMINARY STATEMENT

1.      Doris Kornish has represented to the Court that she is the

"President and CEO" of the Debtor. She occupies and otherwise is in possession of the

Debtor's sole-asset, real property located at 113 East 2nd Street, New York, New York

10009 (the "Real Property").  She also has records and documents of the Debtor, and controls funds in the Debtor's debtor in possession account (the "DIP Account").

2.    As of the date hereof, Ms. Kornish has not complied with the Trustee's requests for delivery of documents and information concerning the Debtor and its affairs, or the turn over of the funds in the DIP Account to the Trustee.

3.    The Trustee believes that Ms. Kornish will not timely perform the duties of the Debtor, turn over property of the estate that is in her possession to the Trustee, or otherwise fully cooperate with the Trustee unless she is compelled to do so by this Court.

4.    This case was filed to stay a secured creditor's foreclosure sale. Although, the Trustee will be afforded a reasonable amount of time to find a solution to this case, it will not be unlimited.

5.    Consequently, the Trustee needs to expeditiously administer this estate.  An order designating Ms. Kornish as the person responsible for performing the Debtor's duties will assist the Trustee in carrying out his statutory duties.

## JURISDICTION

6.    This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for this Motion are sections 105(a) and 521(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## FACTS

7.    On October 17, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Court") [Dkt. No. 1].

8.      No committee of unsecured creditors has been appointed in this case.

9.      In its Schedules, the Debtor represented that its sole-asset is the Real Property with an attributed value of $14 million.  The Property is subject to recorded liens.

10.     On November 28, 2017, Ms. Kornish, along with Phillip Hartman, appeared at the *341 Meeting of the Creditors* (the "341 Meeting") on behalf of the Debtor.

11.     On December 22, 2016, Ms. Kornish signed the Debtor's *Statement of Financial Affairs* [Dkt. No. 16] in her capacity as the President of the Debtor.  *See* Exhibit 1.

12.     On the same day, Ms. Kornish signed the Debtor's *List of Equity Security Holders* [Dkt. No. 15], indicating that she and Mr. Hartman are each 50% shareholders of the Debtor.  *See* Exhibit 2.

13.     On December 22, 2016, Ms. Kornish filed a *Statement* [Dkt. No. 28], advising the Court:  "I am appearing today in my capacity as President and CEO of 'Hello Newman, Inc.'" *See* Exhibit 3.

14.     On December 22, 2016, the Debtor filed Monthly Operating Reports (the "MORs") for the periods (i) October 17, 2016 through November 30, 2016, and (ii) January of 2017 [Dkt. Nos. 13, 22].  Ms. Kornish signed both of the MORs.

15.     During the February 22, 2017 status conference for this case, the Court found "cause" for the appointment of a Chapter 11 trustee.

16.     On February 23, 2017, the Court entered an *Order Directing the United States Trustee for the Southern District of New York to Appoint a Chapter 11 Trustee* [Dkt. No. 29].

17.     On March 1, 2017, the United States Trustee filed his *Notice of Appointment of Trustee* [Dkt. No. 32] and notified Albert Togut of his appointment as the Chapter 11 trustee of the Debtor, subject to Court approval.

18.     On March 2, 2017, the Court entered an *Order Approving the Appointment of Chapter 11 Trustee* [Dkt. No. 33], pursuant to which Albert Togut was appointed as Chapter 11 trustee herein.  The Trustee has duly qualified and is acting as such.

19.     On March 6, 2017, the Trustee met with Ms. Kornish and she confirmed her status as President and CEO of the Debtor.

20.     Ms. Kornish currently occupies the Real Property[1] and upon information and belief, is in possession of books, records and documents concerning the Real Property and the Debtor's affairs.  Ms. Kornish controls the DIP Account.

21.     On March 8, 2017, the Trustee made a written request upon Ms. Kornish for the production of documents and information concerning the Debtor and to detail any claims that she asserts against the Debtor.  The Trustee also demanded that Ms. Kornish turn over to the Trustee any and all funds in the DIP Account or otherwise in her possession concerning the Debtor.[2]  To date, Ms. Kornish has not complied with the Trustee's demand.

## RELIEF REQUESTED

22.     The Trustee seeks entry of an Order:  (i) designating Ms. Kornish as the responsible officer of the Debtor in accordance with Bankruptcy Rule 9001(5)(A); and (a) compelling her to:  identify and turn over to the Trustee the DIP Account, and books and records concerning the Debtor's estate in accordance with Bankruptcy Code

---

[1] Ms. Kornish and Mr. Hartman are divorced, and neither Mr. Hartman nor the parties' children reside at the Real Property.

[2] The debtor in possession bank account statement lists the Real Property, where Ms. Kornish resides, as the address of the Debtor.

section 521(a)(4);  and (b) directing Ms. Kornish to otherwise fully cooperate with the

Trustee in accordance with Bankruptcy Code section 521.

## **BASIS FOR RELIEF**

23.    Bankruptcy Code section 521(a) provides, in pertinent part, that the

debtor shall:

> (3) if a trustee is serving in the case. . . cooperate with the trustee as
> necessary to enable the trustee to perform the trustee's duties under this
> title;
>
> (4) if a trustee is serving in the case. . . surrender to the trustee all property
> of the estate and any recorded information, including books, documents,
> records, and papers, relating to property of the estate. . . .

11 U.S.C. § 521(a)(3),(4).

24.    A corporation may only act through its officers, and, therefore, it is

necessary to designate a responsible officer to perform the duties of a corporation.

Bankruptcy Rule 9001(5) provides, in pertinent part:

> When any act is required by these rules to be performed by a debtor or
> when it is necessary to compel attendance of a debtor for examination and
> the debtor is not a natural person:  (A) if the debtor is a corporation,
> 'debtor' includes, if designated by the court, any or all of its officers,
> members of its board of directors, or trustees or a similar controlling body,
> a controlling stockholder or member, or any other person in control . . . .

Fed. R. Bankr. P. 9001(5).

25.    Ms. Kornish's attendance at the 341 Meeting, her signature of the

Debtor's Statement of Financial Affairs and the MOR's, her apparent control of the DIP

Account, and her occupancy of the Real Property, demonstrate Ms. Kornish is a person

in control of the Debtor, and that she should be designated as the person responsible for

performing the Debtor's duties in this case.

26.    Based upon the forgoing, the Trustee respectfully requests entry of

an order pursuant to Bankruptcy Rule 9001(5) designating Ms. Kornish as the person

responsible for performing the Debtor's duties in this case including, without limitation,

turning over to the Trustee all funds in the DIP Account, all books, records and other recorded information concerning the Debtor and its affairs, and possession of the Real Property.

## NOTICE

27.      Bankruptcy Rule 9001(5) does not specify the amount or type of notice for a motion to designate responsible officers.  Local Bankruptcy Rule 9006-1 requires that motions be served at least 14 days before the return date.

28.      Notice of this Motion, and the annexed Order has been served upon:  (a) Ms. Kornish[3], at 113 East 2nd Street, New York, New York 10009;  (b) counsel to the Debtor;  (c) counsel for Mr. Hartman;  (d) the United States Trustee;  and (e) all parties that have filed a Notice of Appearance in this case.

29.      No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order substantially in the form annexed hereto as <u>Exhibit 4</u>, and granting such other relief as may be appropriate.

DATED:   New York, New York
               March 16, 2017

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 11 Trustee,
By his Proposed Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

---

[3] Ms. Kornish has appeared *pro se* in this case.