UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                       :

In re:                              :    Chapter 11
                                         :

HELLO NEWMAN, INC.,         :    Case No. 16-12910 (SCC)
                                         :

                    Debtor.    :

------------------------------------------------------------------ x
ALBERT TOGUT, Not Individually But Solely in  :
His Capacity as Chapter 11 Trustee,      :

                         :

                 Plaintiff,    :    Adv. Pro. No. 17-01067 (SCC)
                         :

                v.              :

                         :

DORIS KORNISH and NEW VIBE YOGA, INC.  :
a/k/a VILLAGE ASHTANGA d/b/a/ VILLAGE  :
YOGA FRIENDS,                :

                         :

                Defendants.  :
------------------------------------------------------------------ x

## ORDER COMPELLING THE DEFENDANTS TO PROVIDE
## IMMEDIATE AND CONTINUING ACCESS TO REAL PROPERTY AND TO
## COOPERATE WITH TRUSTEE IN THE ADMINISTRATION OF THE ESTATE

Upon the Application (the "Motion")[1] of Albert Togut, the Chapter 11 trustee

(the "Trustee") of the estate of Hello Newman, Inc., the debtor in the above-captioned

case, (the "Debtor"), and the plaintiff in the above-captioned adversary proceeding, by

his attorneys, Togut, Segal & Segal LLP, seeking an order directing Doris Kornish and

New Vibe Yoga, Inc. a/k/a Village Ashtanga d/b/a/ Village Yoga Friends ("Village

Yoga") to show cause why this Court should not issue a preliminary injunction:

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
Motion.

(i) directing Ms. Kornish to provide immediate access to the real property located at 113

East 2nd Street, New York, New York 10009 (the "Real Property") to allow the insurer

of the Real Property to conduct an inspection, and continuing access to the Real

Property to the Trustee and his representatives, (ii) directing Ms. Kornish to

immediately vacate and turn over possession of the Real Property to the Trustee,

(iii) directing Village Yoga to immediately surrender and turn over Apartment 1 of the

Real Property to the Trustee, and (iv) scheduling a hearing to consider the Motion; and

upon the declaration of Neil Berger (the "Berger Declaration"), pursuant Local

Bankruptcy Rule 9077-1(a), in support of the Motion; and the Court having entered its

Order to Show Cause  [Adv. Pro. Dkt. No. 3] (the "Order to Show Cause"), dated May

31, 2017, which scheduled a hearing to be conducted on June 6, 2017 (the "Hearing") to

consider the Motion; and it appearing that good and sufficient notice of the Hearing,

the Motion, and the Order to Show Cause has been given and that all parties in interest

were afforded the opportunity to be heard concerning the Motion and the Order to

Show Cause; and no additional notice being necessary or required; and the Court

having considered the objection of Doris Kornish [Adv. Pro. Dkt. No. 6] and the counter

motion and objection of Village Yoga [Adv. Pro. Dkt. No. 7] in opposition to the Motion

(the "Objections"); and the Court having heard the Trustee, by his attorneys, Ms.

Kornish, Village Yoga, and other parties in attendance during the Hearing, the record of

which is incorporated herein; and upon all prior pleadings and proceedings herein;

and the Court having jurisdiction to consider the Motion; and the relief requested

therein being a core proceeding to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409;  and the Court having found that the

access to the Real Property sought by the Trustee in the Motion is warranted and

satisfies the applicable standards under the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure;  and after due deliberation thereon, and for the reasons stated

by the Court during the Hearing;  it is now, hereby

      **ORDERED**, that the Motion is granted to the extent set forth herein;  and it is

further

      **ORDERED**, that Doris Kornish and Village Yoga are directed to provide access

to the Real Property to the Trustee, and/or any party authorized by the Trustee, for any

purpose needed by the Trustee, including, but not limited to, permitting the insurer of

the Real Property or any real estate broker retained by the Trustee to conduct an

inspection or showing of the Real Property, upon forty-eight (48) hour prior notice to

Doris Kornish and Village Yoga by email, and that if the date and time proposed by the

Trustee cannot be accommodated by either Ms. Kornish or Village Yoga, they shall

promptly advise the Trustee by email of an alternative date and time for such access

which shall in no event be later than forty-eight (48) hours after the date and time

proposed by the Trustee;  and it is further

      **ORDERED**, that Doris Kornish and Village Yoga are directed to provide the

Trustee with a set of keys for complete access to the Real Property within forty-eight

(48) hours after the entry of this Order, and, should the Trustee seek to utilize such keys

in order to enter the Real Property, he shall provide twenty-four (24) hours notice of his

intent to enter the Real Property to Doris Kornish and Village Yoga by email;  and it is further

**ORDERED**, that Doris Kornish, having been designated by the Court in the Order, dated April 19, 2017, as the person responsible for performing the duties of the Debtor (the "Designation Order"), is obligated and required to comply with the duties set forth in Bankruptcy Code § 521 and in the Designation Order, including, but not limited to, cooperating with the Trustee and his professionals as necessary to enable to the Trustee to administer the Debtor's estate;  and it is further

**ORDERED**, that if Doris Kornish and Village Yoga do not comply with the obligations set forth in this Order, the Trustee, his agents, representatives, and professionals shall be authorized to (a) take all necessary steps to gain access to the Real Property, including, utilizing a locksmith to change and/or break the locks, and (b) utilize the assistance of the U.S. Marshals' Service, Southern District of New York (the "U.S. Marshals' Service"), as needed, to take all necessary steps, using whatever force necessary, to facilitate the Trustee's entry into the Real Property;  and, it is further

**ORDERED,** that any person interfering with the execution of this Order is subject to arrest by the U.S. Marshals' Service;  and it is further

**ORDERED**, that the U.S. Marshals' Service and its employees shall be held harmless from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with any arrest or seizure and possession of the Real Property, including any third-party claims;  and it is further

**ORDERED**, that the Trustee is authorized and empowered to do such things,

execute such documents, and expend such funds as may be necessary to effectuate the

terms and conditions of the Order;  and it is further

**ORDERED**, that a status conference shall be held before this Court on July 11,

2017 at 2:00 p.m. to consider the balance of the relief sought by the Motion.

Dated:   New York, New York

      June 9, 2017

                          /S/ Shelley C. Chapman
                          HONORABLE SHELLEY C. CHAPMAN
                          UNITED STATES BANKRUPTCY JUDGE