TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger

*Attorneys for Albert Togut,*
 *Not Individually But Solely in His Capacity*
 *as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                                :
In re:                                                          :     Chapter 11
                                                                :
HELLO NEWMAN, INC.,                                             :     Case No. 16-12910 (SCC)
                                                                :
                            Debtor.                             :
                                                                :
---------------------------------------------------------------X

**APPLICATION FOR AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF WARBURG
REALTY AS BROKER FOR THE CHAPTER 11 TRUSTEE PURSUANT
TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

    Albert Togut, not individually but solely in his capacity as Chapter 11 Trustee (the "Trustee") of the estate of Hello Newman, Inc., the debtor in the above-captioned case, (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, hereby makes this application (the "Application") for entry of an order, substantially in the form annexed hereto as Exhibit A, authorizing the Trustee to retain and employ Warburg Realty ("Warburg") as his real estate broker in this Chapter 11 case (the "Chapter 11 Case").  In support of this Application, the Trustee submits the Affidavit of Jason Haber, the licensed agent of Warburg who will be responsible for the services described herein (the "Warburg Affidavit," a copy of which is annexed hereto as Exhibit B), and respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## BACKGROUND

3. On October 17, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Court").

4. No committee of unsecured creditors has been appointed in this case.

5. On February 23, 2017, the Court entered an *Order Directing the United States Trustee for the Southern District of New York* (the "United States Trustee") *to Appoint a Chapter 11 Trustee* [Dkt. No. 29].

6. On March 1, 2017, the United States Trustee filed his *Notice of Appointment of Trustee* and notified Albert Togut of his appointment as the Chapter 11 trustee of the Debtor, subject to Court approval [Dkt. No. 32].

7. On March 2, 2017, the Court entered an *Order Approving the Appointment of Chapter 11 Trustee* pursuant to which Albert Togut was appointed as

2

Chapter 11 Trustee herein [Dkt. No. 33]. The Trustee has duly qualified and is acting as such.

8. In its Schedules, the Debtor discloses an ownership interest in real property located at 113 East 2nd Street, New York, New York 10009 (the "Real Property"). The Debtor assigns a value of $14 million to the Real Property, and asserts that the Real Property is encumbered by mortgages and liens, all of which are in default, totaling $4,693,323.76

9. Monthly income of $5,500 currently generated by the Real Property is insufficient to pay monthly expenses of the Real Property, interest on claims that are secured by the Real Property, and real estate taxes that are accruing.

10. There is no other apparent asset of the estate that could be sold to address the expenses, claims, taxes, and penalties asserted against the Debtor and the Real Property. Moreover, Phillip Hartman and Doris Kornish, each 50% shareholders of the Debtor, have advised the Court and the Trustee that they have attempted to refinance the Real Property, but neither of them have provided any evidence of any such refinancing.

11. Consequently, the Trustee has determined to sell the Real Property, and, thus, requires the assistance of an experienced real estate broker.

### RELIEF REQUESTED

12. By this Application, the Trustee seeks to retain Warburg to market and sell the Real Property. The retention sought herein is based upon sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

**BASIS FOR RELIEF**

13. The Trustee has chosen, subject to Bankruptcy Court approval, Warburg to act as his real estate broker because of the firm's considerable experience with residential townhouse and comparable real estate sales in New York City.

14. The terms and conditions of Warburg's proposed retention are set forth in the engagement agreement between Warburg and the Trustee, dated June 10, 2017 (the "Engagement Agreement," a copy of which is annexed hereto as Exhibit C)[1].

15. As set forth in the Haber Affidavit, Warburg is a licensed real estate brokerage firm that specializes in transactions concerning luxury residential real estate properties, with experience dating back to 1896. Warburg has brokers in three office locations in New York City, expertise in the sale of residential buildings in the East Village where the Real Property is located, and is accustomed to addressing issues that are unique to townhouses and the multi-family home market. For these reasons, the Trustee respectfully submits that Warburg is well-qualified to market and sell the Real Property.

16. As set forth in the Engagement Agreement, the professional services to be rendered by Warburg will be limited to those necessary to assist in the marketing and sale of the Real Property, including without limitation[2]:

    a) advertising and marketing of the Real Property, at Warburg's sole cost and expense, using such advertising and promotional activities as agreed upon in consultation with the Trustee;

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Engagement Agreement.

[2] Consistent with the Engagement Agreement, Warburg may solicit the cooperation of other licensed real estate brokers who are members of The Real Estate Board of New York who will act as agents for prospective purchasers. In the event another licensed broker is involved in an approved sale transaction, the sale commission will be paid 50% to Warburg and 50% to the Outside Broker (defined below).

      b)      analyzing and making recommendations regarding purchase offers for the Real Property;

      c)      providing assistance with negotiations regarding the sale of the Real Property;

      d)      assisting with consummation of the sale of the Real Property; and

      e)      rendering such other assistance as the Trustee may deem necessary in connection with the sale of the Real Property.

## WARBURG'S DISINTERESTEDNESS

17. To the best of the Trustee's knowledge, the employees and agents of Warburg do not have any connection with, or any interest adverse to, the Debtor, its creditors or any other party in interest, or its respective attorneys, except as may be set forth in the Haber Affidavit.

18. More specifically, as set forth in the Haber Affidavit, Warburg, its employees and agents:

      a)      are not creditors or insiders of the Debtor;

      b)      are not and were not, within two years before the date of the filing of the Debtor's Chapter 11 petition, trustees or employees of the Debtor; and

      c)      do not have an interest materially adverse to the interests of the Trustee, the Debtor's estate or of any class of creditors by reason of any direct or indirect relationship to, or connection with, the Debtor, or for any other reason.

19. Except as may be set forth in the Haber Affidavit, Warburg has represented to the Trustee that it has not represented and will not represent any parties other than the Trustee in the Chapter 11 Case or in connection with any matters that would be adverse to the Trustee arising from, or related to, this case.

20. Based on the Haber Affidavit, the Trustee believes that Warburg is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy

5

Code, as modified by section 1107(b) of the Bankruptcy Code. The Trustee has been informed that Warburg will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Warburg will supplement its disclosure to this Court.

### PROFESSIONAL COMPENSATION

21. Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may retain professionals on any reasonable terms and conditions of employment. As recognized by numerous courts, Congress intended Section 328(a) to enable trustees and debtors to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to review if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." *See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-63 (5th Cir. 1997); *Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.)*, 161 B.R. 568, 569 (S.D.N.Y. 1993).

22. The Trustee seeks approval to compensate Warburg pursuant to the Engagement Agreement which provides:

> a) Warburg will have an exclusive right to sell, meaning that if the Trustee finds a buyer, the agreed commission will be due to Warburg;
>
> b) if the purchaser is represented by a broker other than Warburg (an "Outside Broker"), the commission shall be five percent (5%) of the total sale price, to be paid: two and one-half (2.5%) percent to the Outside Broker, two and one-half (2.5%) percent to Warburg;
>
> c) if the purchaser is not represented by an Outside Broker, then the commission payable to Warburg will be five (5%) percent of the total sale price;

6

   d)  if the successful bidder at an auction conducted by the Trustee was not procured by Warburg and another bidder was procured by Warburg, then the commission payable to Warburg will be four (4%) percent of the highest bid submitted by the bidder procured by Warburg that participated in the auction; and

   e)  no commission shall be deemed earned, due, and payable unless title to the Real Property actually closes and the proceeds are paid to the Trustee. Refinancing of existing debt without an actual sale of the Property is not eligible for a commission. Further, the Trustee shall have the right to reject any and all offers without incurring any liability to pay the commission.

23. The Trustee respectfully submits, inasmuch as Warburg's compensation is results-oriented and directly related to benefits received by the estate in a sale transaction, requiring Warburg to file a fee application pursuant to Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1 is unnecessary. Warburg will not be compensated based upon time and effort expended. Instead, Warburg will be compensated based upon a percentage of the proceeds of the sale of the Real Property, as set forth in the Engagement Agreement, and only following Bankruptcy Court approval and title passing to a buyer. Given the percentage-based fee structure, the Trustee respectfully submits that recording and submission of detailed time entries for services rendered in these cases is unnecessary and would be unduly burdensome to Warburg. Accordingly, the Trustee requests that such requirements be waived. It is also requested that since Warburg or an Outside Broker will not earn a commission until the sale is approved by this Court and title passes to a buyer, the commissions be paid out of the sale proceeds without need for a further application for compensation. When the Trustee applies to have the sale of the Real Property approved, his application will include a request that Warburg, and if applicable, the

Outside Broker, be paid so there will be a further order of the Court before the commissions are actually paid.

24. The retention of real estate brokers pursuant to the standard of review in Section 328(a) has been approved in other cases in this District and others. *See, e.g.*, *In re Weintraub*, No. 11-15499 (JLG) (Bankr. S.D.N.Y. March 13, 2015); *In re FL 6801 Spirits LLC, et al.*, No. 14-11691 (SCC) (Bankr. S.D.N.Y. June 25, 2014); *In re 313 W. 77th Street Tenants Corp.*, No. 03-15522 (SCC) (Bankr. S.D.N.Y. Oct. 5, 2011); *In re General Growth Properties, Inc.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Apr. 16, 2009); *In re The Brooklyn Hospital Center, et al.*, No. 05-26990 (Bankr. E.D.N.Y. January 5, 2007) (CEC); *In re Harrow Stores, Inc.*, No. 06-72860 (Bankr. E.D.N.Y. December 15, 2006) (DTE); *In re TSIC, Inc., f/k/a Sharper Image Corporation*, No. 08-10322 (Bankr. D. Del. July 28, 2008) (KG).

## NOTICE

25. Notice of this Application has been given to: (a) counsel to the Debtor; (b) Ms. Kornish, at 113 East 2nd Street, New York, New York 10009; (c) counsel for Mr. Hartman; (d) the United States Trustee; (e) Village Yoga, at 113 East 2nd Street, New York, New York 10009, (Att.: Alex Schatzberg, President); and (f) all parties that have filed a Notice of Appearance in this case. The Trustee respectfully submits that under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

26. No previous application for the relief sought herein has been made to this or any other Court.

8

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an Order, in substantially the form annexed hereto as Exhibit A, authorizing the employment and retention of Warburg as real estate broker for the Trustee, together with such other and further relief as is just and proper.

DATED: New York, New York
June 10, 2017

                                          ALBERT TOGUT
Not Individually But Solely in His
Capacity as the Chapter 11 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

9