```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
                                                                     :
In re:                                                               :    Chapter 11
                                                                     :
HELLO NEWMAN, INC.,                                                  :    Case No. 16-12910 (SCC)
                                                                     :
                              Debtor.                                :
                                                                     :
-------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in                         :
His Capacity as Chapter 11 Trustee,                                  :
                                                                     :
                              Plaintiff,                             :    Adv. Pro. No. 17-01067 (SCC)
                                                                     :
              v.                                                     :
                                                                     :
DORIS KORNISH,                                                       :
                                                                     :
                              Defendant.                             :
-------------------------------------------------------------------- x
```

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On August 3, 2017, the Court conducted an evidentiary hearing and a status conference in the above-captioned matters (the "August 3 Hearing").

**IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED:**

1. The findings of fact and conclusions of law set forth herein are based upon the evidence that was admitted on the record of the August 3 Hearing.

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## FINDINGS OF FACT

**A.    The Commencement of the Debtor's Chapter 11 Case**

1

3. On October 17, 2016 (the "Petition Date"), Hello Newman, Inc. (the "Debtor") filed a voluntary petition (the "Petition") for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. *See* Dkt. No. 1.[1]

4. The Petition was signed by Philip Hartman ("Hartman") in his capacity as Secretary of the Debtor. *See id.; see also* Dkt. No. 2.

5. On December 22, 2016, the Debtor filed its *Statement of Financial Affairs*. *See* Dkt. No. 16.

6. The *Statement of Financial Affairs* was signed by Doris Kornish ("Kornish") in her capacity as President of the Debtor. *See id.*

7. On December 22, 2016, Kornish signed the Debtor's *List of Equity Holders*, disclosing that she and Hartman are each fifty-percent shareholders of the Debtor. *See* Dkt. No. 15.

8. On December 22, 2016, the Debtor filed its Schedules of assets and liabilities (the "Schedules") [Dkt. No. 14].

9. The Schedules state that the house and real property located at 113 East 2nd Street, New York, New York 10009, Block 429, Lot 19 (the "Real Property") is the sole asset owned by the Debtor on the Petition Date.

10. The Debtor filed the Petition to stay the sale of the Real Property pursuant to a $1,749,443.12 judgment of foreclosure obtained by LCP Jerry, Inc. prior to the Petition Date (the "Judgment of Foreclosure").

11. Kornish resides in the Real Property without a valid lease or any agreement with the Debtor.

---

[1] Unless otherwise noted, references to "Dkt. No. __" refer to docketed entries on the docket of the *In re Hello Newman, Inc.*, Case No. 16-12910 (SCC).

12. Kornish does not make payments to the Debtor or the Debtor's estate for her use and occupancy of the Real Property.

13. In its Schedules, the Debtor states that the Real Property is encumbered by mortgages and liens which secure claims totaling at least $4,693,323.76.

14. On February 22, 2017, Kornish filed a statement (the "Statement") asserting she is the "President, and CEO of the Debtor." *See* Dkt. No. 28.

15. In the Statement, Kornish requested that the Court exercise its jurisdiction in this case. *See id.* at 4.

16. No committee of unsecured creditors has been appointed in this case.

B. **The Claims Bar Dates and Filed Proofs of Claim**

17. On January 5, 2017, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 18].

18. Pursuant to the Bar Date Order, February 28, 2017 was fixed as the final date for the filing of proofs of claim by non-governmental unit claimants, and April 15, 2017 was fixed as the final date for the filing of proofs of claim by governmental units. *See* Dkt. No. 18.

19. Neither Hartman nor Kornish filed proofs of claim on or prior to the deadlines fixed by the Bar Date Order.

20. Upon the Trustee's application [Dkt. No. 49], on April 3, 2017, the Court entered the *Order (I) Establishing a Special Bar Date for the Debtor's Equity Holders to (A) File Proofs of Claim and (B) Disclose Indirect Claims and Known Third-Party Claims; and (II) Approving Form and Manner of Notice Thereof* (the "Special Bar Date Order") [Dkt. No. 54].

21.     Pursuant to the Special Bar Date Order, the Court fixed May 18, 2017 as the last Date for Hartman and Kornish to file claims in this case.

22.     Hartman filed duplicative proofs of claim prior to the deadline fixed by the Special Bar Date Order.

23.     Kornish did not file a proof of claim prior to the deadline fixed by the Special Bar Date Order, but did so on July 31, 2017, and the Court has accepted that claim as a timely proof of claim ("Proof of Claim No. 13").

24.     In Proof of Claim No. 13, Kornish has asserted that, among other things: (i) she relied to her detriment on alleged misrepresentations by Hartman, resulting in an inequity as between her and Hartman; (ii) Hartman misled her into consenting to the Debtor granting mortgages against the Real Property; and (iii) Hartman otherwise impaired her interests.

25.     The claims register that is maintained by the Clerk of the Court for this case confirms that proofs of claim have been filed against the Debtor in the total amount of $5,033,033 (net of duplicative claims):

| Creditor | Claim No. | Filed Classification | Amount |
|---|---|---|---|
| Consolidated Edison Company of New York | 1 | Unsecured | $6,282.81 |
| Department of Treasury - IRS | 2 | Priority | $500.00 |
| NYCTL 1998-2 Trust (Unpaid Real Property Taxes) | 3 | Secured | $146,131.19 |
| NYC Department of Finance | 4 | Priority | $12,484.74 |
| Knuckleknee LLC (Mortgage) | 5 | Secured | $2,379,906.00 |
| LCP Jerry LLC (Foreclosure Judgment) | 6 | Secured | $1,845,893.67 |

4

| | | | |
|---|---|---|---|
| New York State Department of Taxation & Finance | 7 | Priority | $4,791.58 |
| | | Unsecured | $515.50 |
| 1020 Park Avenue | 8 | Unsecured | $29,812.50 |
| Jeffrey Randall Karp, Esq. (Unpaid Legal Fees) | 9 | Unsecured | $29,812.50 |
| Jeffrey Randall Karp, Esq. | 10 | Unsecured | $29,812.50 |
| Philip Hartman | 11 | Unsecured | $542,090 |
| | | Priority | $5,000 |
| Philip Hartman | 12 | Unsecured | $542,090 |
| | | Priority | $5,000 |
| Doris Kornish | 13 | Unliquidated | |

### C.   The Appointment of the Chapter 11 Trustee, the Designation Order, and the Trustee's Adversary Proceeding

26.   On February 23, 2017, the Court entered an *Order Directing the United States Trustee for the Southern District of New York to Appoint a Chapter 11 Trustee.* *See* Dkt. No. 29.

27.   On March 1, 2017, the United States Trustee filed his *Notice of Appointment of Trustee, see* Dkt. No. 32, designating Albert Togut as the Chapter 11 trustee of the Debtor.

28.   On March 2, 2017, the Court entered the *Order Approving the Appointment of Chapter 11 Trustee,* pursuant to which Albert Togut was appointed as Chapter 11 trustee herein (the "Trustee"). *See* Dkt. No. 33. The Trustee has duly qualified and is acting as trustee of the Debtor's estate. *See* Dkt. No. 51.

29.   On April 19, 2017, the Court entered the *Order (I) Designating Doris Kornish as the Responsible Officer of the Debtor and (II) Compelling Her to Turn Over Property*

*of the Estate to the Trustee, and Otherwise Cooperate with the Trustee* (the "<u>Designation Order</u>") [Dkt. No. 60].

30.  The Designation Order requires Kornish to perform the duties of the Debtor in this case, and it specifically requires Kornish to turn over all property of the estate to, and otherwise cooperate with, the Trustee. *See* Dkt. No. 60 (Designation Order) at 1-2.

31.  On May 31, 2017, the Trustee commenced the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>") seeking an order (a) directing Kornish to provide the Trustee and his authorized representatives with immediate access to the Real Property pursuant to Bankruptcy Code section 521, and (b) directing Kornish to vacate, turn over and deliver possession of the Real Property to the Trustee pursuant to Bankruptcy Code section 542 and the Designation Order.

32.  On May 31, 2017, the Trustee filed the *Plaintiff's Application for an Order to Show Cause Why the Court Should Not Issue a Preliminary Injunction (I) Directing Ms. Kornish to Immediately Vacate and Turn Over Possession of the Real Property to the Trustee and Provide Immediate Access to the Real Property, (II) Directing Village Yoga to Immediately Surrender and Turn Over Apartment 1 of the Real Property to the Trustee, and (III) Scheduling a Hearing on the Motion on Shortened Notice* (the "<u>Motion</u>") [Adv. Pro. No. 17-1067 (SCC), Dkt. No. 2].

33.  On May 31, 2017, the Court entered the *Order to Show Cause* (the "<u>First Order to Show Cause</u>") [Adv. Pro. No. 17-1067 (SCC), Dkt. No. 3]. Among other things, the First Order to Show Cause scheduled a hearing for June 6, 2017 to consider whether an injunction should be issued directing Kornish to provide (a) immediate access to the Real Property to allow the insurer of the Real Property to conduct an

6

inspection, and (b) continuing access to the Real Property to the Trustee and his representatives.

34. On June 9, 2017, the Court entered the *Order Compelling the Defendant to Provide Immediate and Continuing Access to Real Property and to Cooperate With Trustee in the Administration of the Estate* (the "Access Order") [Adv. Pro. No. 17-1067 (SCC), Dkt. No. 9].

35. On July 11, 2017, the Court entered the *Stipulation and Order by and Between the Chapter 11 Trustee and Village Yoga* (the "Village Yoga Stipulation and Order"), s*ee* Adv. Pro. No. 17-01067 (SCC), Dkt. No. 14, which provided that New Vibe Yoga, Inc. a/k/a Village Ashtanga d/b/a Village Yoga Friends ("Village Yoga"), a defendant in the Adversary Proceeding, could continue to use and occupy the portion of the Real Property referred to as "Apartment 1" (the "Apartment") as a yoga studio until August 31, 2017 pursuant to certain terms set forth in the Village Yoga Stipulation and Order. *See* Dkt. No. 94. Village Yoga was occupying the Apartment without a valid lease.

36. Kornish failed to comply with the Access Order, and on July 12, 2017, the Trustee filed and served the *Notice of Adjourned Pretrial Conference*, scheduling the August 3 Hearing. *See* Adv. Pro. No. 17-1067 (SCC), Dkt. Nos. 15-16.

37. On July 17, 2017, the Court entered the *Order to Show Cause (A) Scheduling a Hearing and (B) Directing Doris Kornish to Attend Hearing and Deliver Keys for 113 East 2nd Street, New York City to Chapter 11 Trustee* (the "Second Order to Show Cause") [Adv. Pro. No. 17-01067 (SCC), Dkt. No. 17]. The Second Order to Show Cause directed Kornish to appear at a hearing held on July 19, 2017, at 9:30 a.m. (the "July 19 Hearing"), and at that time, deliver to the Trustee all keys that would enable the Trustee and his retained professionals to gain access to the Real Property.

7

38. Kornish attended the July 19 Hearing and though she initially refused to comply with the Second Order to Show Cause, she ultimately delivered a key for the Real Property to the Trustee before the conclusion of that hearing.

39. On July 19, 2017, the Court entered the *Contempt Order* [Dkt. No. 82], which directed that

> [Kornish] shall promptly provide access to the Real Property to the Trustee pursuant to the terms of the Access Order, and if she fails to do so or if non-compliance continues, she stall stand again in contempt of this Court's orders and this Court will issue a warrant for her arrest….

Dkt. No. 82 at 6.

40. During various hearings, Kornish has asserted that the mortgages and liens that have been recorded against the Real Property and the Debtor are not valid.

41. The Court has on more than one occasion provided Kornish with notice and an opportunity to object to those secured claims. The Court has also repeatedly implored Kornish to retain an attorney to represent her in this case, but she has not done so. *See, e.g., Transcript of August 3 Hearing,* at 64:18-21 ("If you disagree with what I've done and what I'm going to have to continue to do, I urge you to find an attorney, I urge you to go up to the district court where they may have more assistance for pro se parties such as yourself.").

42. On August 2, 2017, Village Yoga filed a letter advising that pursuant to the terms of the Village Yoga Stipulation and Order, it would terminate its use and occupancy of the Apartment on July 31, 2017.

43. Village Yoga terminated its use and occupancy of the Apartment on July 31, 2017. *See* Dkt. No. 94.

44. As a result of Village Yoga's termination of its use and occupancy of the Apartment, and Kornish's failure to compensate the Debtor for her use and occupancy of the Real Property, the Real Property has no income.

45. Secured claims against the Real Property, including the Judgment of Foreclosure and mortgages, have gone unpaid since the Petition Date, and interest accrues daily on those claims.

46. In her February 22, 2017 Statement, Kornish suggested that she could obtain loans or other financing to satisfy creditors of the Debtor, *see* Dkt. No. 28 at 1, but she has not done so.

47. There does not appear to be any way that the Debtor or its estate can address the Debtor's liabilities without a sale of the Real Property.

D.  **The Valid Liens and Secured Claims**

48. During the August 3 Hearing, the Court admitted into evidence documents that were marked by the Trustee (the "Trustee Evidence"). *See* Exhibit "1" annexed hereto and incorporated herein.

*[Continued on following page]*

49. The Trustee Evidence demonstrates that the Real Property is subject to valid secured claims which have been recorded against the Real Property to secure claims totaling $4,922,207.92, and which continue to accrue interest (the "Secured Claims"):

| Claimant | Asserted Claim Amount |
|---|---|
| LCP Jerry LLC Foreclosure Judgment | $1,845,893.67 |
| US Small Business Administration Mortgages | $544,892.32 |
| Knuckleknee LLC Mortgage | $2,371,906.00 |
| NYCTL 1998-2 Trust Gen For Unpaid Real Property Taxes | $146,131.19 |
| NYC Dept. of Finance Tax Warrant | $12,484.74 |
| NYC Environmental Control Board | $900.00 |
| Total: | $4,922,207.92 |

50. During the August 3 Hearing, Kornish asserted that she allowed mortgages to be recorded against the Real Property based on alleged misrepresentations by Hartman, and that the sale of the Real Property will result in his companies being relieved of substantial debt while she will lose her residence. *See Transcript of August 3 Hearing,* at 51:5-11; *see generally id.* at 68:22-83:20.

51. The Court has considered Proof of Claim No. 13 and Kornish's arguments, has accepted documents provided by Kornish as part of the August 3 Hearing record (the "Kornish Documents"), *see* Exhibit "2" annexed hereto and incorporated herein, and has concluded that while such claims and arguments may give rise to a private cause of action, they do not change the conclusion "that there are valid liens and claims against the property that require that it be sold." *Id.* at 86:10-12.

10

52. The Court closed the evidentiary record of the August 3 Hearing.

53. Having heard the parties, considered the Trustee Evidence and the Kornish Documents, the Court finds:

    A. The Court has jurisdiction over the Debtor, Kornish, Hartman, and property of the Debtor's estate;

    B. The Real Property is owned by the Debtor and is property of the Debtor's estate;

    C. Kornish occupies and uses the Real Property without any valid agreement with the Debtor or the Trustee, and she does not compensate the Trustee or the Debtor's estate for her use and occupancy of the Real Property;

    D. The Real Property is subject to the Secured Claims;

    E. The Real Property does not generate any income;

    F. The Debtor does not have the ability to address any of the valid Secured Claims or the unsecured liabilities that have been asserted against it absent a sale of the Real Property by the Trustee;

    G. The Debtor and Kornish are required to turn over possession of the Real Property to the Trustee pursuant to Bankruptcy Code section 542 and the Designation Order; and

    H. The immediate turnover of the Real Property by Kornish to the Trustee is required for the sale of the Real Property by the Trustee, and is otherwise in the best interests of the Debtor's estate.

*See Transcript of August 3 Hearing,* at 67:8-11.

## CONCLUSIONS OF LAW

54. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431,* dated January 31, 2012 (Preska, C.J.).

55. This matter is core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (K), (M), and (O).

56. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

57. The Trustee Evidence establishes the prima facie validity of the Secured Claims recorded against the Real Property:

| Claimant | Asserted Claim Amount |
|---|---|
| LCP Jerry LLC Foreclosure Judgment | $1,845,893.67 |
| US Small Business Administration Mortgages | $544,892.32 |
| Knuckleknee LLC Mortgage | $2,371,906.00 |
| NYCTL 1998-2 Trust Gen For Unpaid Real Property Taxes | $146,131.19 |
| NYC Dept. of Finance Tax Warrant | $12,484.74 |
| NYC Environmental Control Board | $900.00 |
| Total: | $4,922,207.92 |

58. The Debtor does not have the ability to address or pay any of the Secured Claims and the other liabilities that have been asserted against it absent a sale of the Real Property by the Trustee.

59. The Court has jurisdiction over the Debtor and property of the Debtor's estate.

60. The Real Property constitutes property of the Debtor's estate pursuant to Bankruptcy Code section 541, which the Trustee may sell pursuant to Bankruptcy Code section 363 to address the Secured Claims and the other liabilities and expenses of the Debtor's estate.

61. Kornish does not occupy or use the Real Property pursuant to any valid or enforceable agreement with the Debtor or the Trustee, and her continued use

and occupancy of the Real Property is unauthorized and violates the Designation Order.

62. The Debtor and Kornish are required to turn over possession of the Real Property to the Trustee pursuant to Bankruptcy Code section 542 and the Designation Order.

63. The immediate turnover of the Real Property is necessary for the sale of the Real Property by the Trustee, and is otherwise in the best interests of the Debtor's estate.

64. The relief sought in the Motion is in the best interests of the Debtor's estate.

65. These findings of fact and conclusions of law form the predicate for the entry of a judgment that will grant the Motion and will require Kornish to vacate the Real Property to facilitate a sale of the Real Property to address the valid liens and claims against the Debtor. *See Transcript of August 3 Hearing,* at 67:12-17.

DATED: New York, New York
August 18, 2017

       /s/Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

13

# EXHIBIT "1"

*In re Hello Newman, Inc.*, Debtor
Chapter 11 Case No. 16-12910 (SCC)
Adv. Pro. 17-01067 (SCC)

Trustee Evidence

| Trustee's Exhibit No. | Description |
|---|---|
| A | Chart of Claims |
| 1 | Debtor's Petition and Schedules *In re Hello Newman, Inc.*, Case No. 16-12910 (SCC) |
| 2 | Amended Standing Order of Reference, M-431 (Preska, J.) |
| 3 | Statement of Kornish, *In re Hello Newman, Inc.*, Case No. 16-12910 (SCC) [Dkt. No. 28] |
| 4 | Title Report Letter for 113 E. 2nd Street |
| 5 | Real Property Deed Establishing Title of the Real Property in the Debtor |
| 6 | Judgment of Divorce, *Hartman v. Kornish*, Index No.: 307293/05 |
| 7 | Mortgage Agreement with HSBC Bank USA, N.A. |
| 8 | Assignment of Mortgage from HSBC Bank USA, N.A. to LCP Jerry LLC |
| 9 | Judgment of Foreclosure and Sale, *LCP Jerry LLC v. Hello Newman, Inc., et al.*, Index No. 850105/2015 |
| 10 | Mortgage in favor of Knuckleknee LLC |
| 11 | Recording and Endorsement Cover Page for Knuckleknee LLC Mortgage |
| 12 | UCC Financing Statement for Knuckleknee, LLC |
| 13 | City Register Recording and Endorsement Pages for five mortgages recorded by the Small Business Administration |
| 14 | Tax Lien Sale Certificate |
| 15 | New York City Tax Warrant |
| 16 | Environmental Control Board Monthly Judgment File |
| 17 | Claims Register as of August 1, 2017 |
| 18 | Claim No. 6-1 (LCP Jerry LLC) |
| 19 | Claim No. 5-1 (Knuckleknee LLC) |
| 20 | Claim No. 3-1 (NYCTL 2016-A Trust) |
| 21 | Claim No. 12-1 (Hartman) |
| 22 | Trustee's Form 2, Receipts and Disbursement Journal *In re Hello Newman, Inc.*, Case No. 16-12910 (SCC) |
| 23 | Order (I) Designating Doris Kornish as the Responsible Officer of the Debtor and (II) Compelling Her to Turn Over Property of the Estate to the Trustee, and Otherwise Cooperate with the Trustee, *In re Hello Newman, Inc.*, Case No. 16-12910 (SCC) [Dkt. No. 60] |
| 24 | Stipulation and Order by and Between the Chapter 11 Trustee and Village Yoga, *Togut v. Kornish, et al.*, Adv. Pro. No. 17-01067 (SCC) [Dkt. No. 13] |

| Trustee's Exhibit No. | Description |
|---|---|
| 25 | Letter from New Vibe Yoga, Inc. *In re Hello Newman, Inc.*, Case No. 16-12910 (SCC) [Dkt. No94] |
| 26 | Complaint, *Togut v. Kornish, et al.*, Adv. Pro. No. 17-01067 (SCC) [Dkt. No. 1] |

# EXHIBIT "2"

*In re Hello Newman, Inc.*, Debtor
Chapter 11 Case No. 16-12910 (SCC)
Adv. Pro. 17-01067 (SCC)

Inventory of Documents Produced by Doris Kornish
during the August 3 Hearing

| Document Inventory | Document Dated |
|---|---|
| **Bank Statements and Wire Order** | |
| HSBC Loan Statement*[2] | 7/30/2004 |
| Washington Mutual Wire Transfer Order re: Gelsimina, Inc. | 10/3/2005 |
| HSBC Loan Statement* | 2/1/2006 |
| HSBC Deposit Account Statement* | 8/2006 |
| Bank of America Business Cardholder Statement | 7/14/2008 |
| Bank of America Business Cardholder Statement | 9/14/2008 |
| Bank of America Letter to Doris Kornish | 6/13/2008 |
| Bank of America Letter to Doris Kornish | 8/19/2008 |
| Bank of America Letter to Doris Kornish | 9/12/2008 |
| IRS Notice of Levy | 1/31/2008 |
| HSBC Loan Statement* | 3/1/2011 |
| **Disbursement checks** | |
| Check from 113 East 2nd St. to Mo Pitkin Holding, LLC and Check from 113 East 2nd St. to Teva Loan | 7/4/2004 and 7/15/2004 |
| Check from Two Boots of 42nd, LLC to Doris Kornish and Check from Mo Pitkin Holding, LLC to Doris Kornish | 7/29/2004 and 8/4/2005 |
| Check from Larry Tate of New York, Inc. to Doris Kornish and Check from Two Boots of 42nd, LLC to Doris Kornish | 6/10/2005 and 6/30/2005 |
| **Correspondence** | |
| Empire State Loan Letter to Monty Karp Realty, LLC | 9/12/2005 |
| GreatAmerican Leasing Corp. Letter to Pizzamonium, Inc. | 5/22/2008 |
| GreatAmerican Leasing Corp. Letter to Pizzamonium, Inc. | 6/4/2008 |
| Finley, Alt, Smith, Scharnberg, Craig, Hilmes & Gaffney, P.C. Letter to Pizzamonium, Inc. | 6/12/2008 |
| 14th Street "Y" Letter to Philip Hartman | 6/12/2008 |
| **Miscellaneous** | |
| Definition of *defraud* printout from thefreedictonary.com | N/A |
| Note directed to Warburg and Associates | N/A |
| Unsigned Pre-Closing Agreement between Phil Hartman and Doris Kornish | 8/4/2005 |
| Page Six article: "East Village Club Faces Curtain" – New York Post newspaper | 9/5/2007 |
| Emails Between Blanche Baker Maglli and Doris Kornish | 7/11/2008 |
| Emails Between Blanche Baker Maglli and Doris Kornish | 4/13/2008 |

---

* Asterisks identify duplicative documents in Kornish production.

| Document Inventory | Document Dated |
|---|---|
| Personal Banking Chart | 1/9/2006 |
| GE Capital Bank Letter to Doris Kornish | 1/9/2012 |
| Emails From Doris Kornish | 9/9/2014 |
| Invoice No. 00080 From Doris Kornish for $64,371,000 | 6/23/2017 |
| Invoice from Doris Kornish for $13,652,139.37 | N/A |
| List of Salaries and Loans per Doris Kornish's Request | N/A |
| Two Boots Sale Scenarios | Jul. – Dec. 2017 |